# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

DAVID REYNOLDS,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　CASE NO. 8:18-cv-2395-T-02JSS

INTEGON NATIONAL INSURANCE COMPANY,

    Defendant.
_____/

## ORDER OF REMAND

Plaintiff Reynolds was driving his car and got hit by an underinsured motorist ("UM"). Reynolds' UM carrier was Defendant Integon. Reynolds claimed injuries from the crash and sued Integon for UM coverage (Count I) and statutory "bad faith" (Count II) in the Thirteenth Judicial Circuit on August 22, 2018. (Dkt. 2).

Integon removed the case, alleging in the notice of removal diversity of citizenship and amount in controversy exceeding $75,000. (Dkt.1; 28 U.S.C. §§ 1332(a), 1441). Plaintiff's motion to remand (Dkt. 15) is granted.

The policy in suit has a coverage limit of $10,000 per person/per occurrence. (Dkt. 2 at 3; Dkt. 15 at 1). At the time of removal the amount in controversy was clearly not met. *See PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1306 (11th Cir. 2016) (holding that the court's diversity jurisdiction is determined at the time of the filing of the complaint or, if removed, at the time of removal). In this case against Integon, the amount in controversy is $10,000 plus possibly some attorney's fees that Plaintiff's lawyer might assert.

The statutory "bad faith" claim, Count II, is inchoate and not accrued. It may never accrue, as Integon admits in its motion dismiss. (Dkt. 8). Count II is not considered in this calculus. *See Jenkins v. Allstate Ins. Co.*, No. 5:08-cv-285-Oc-10GRJ, 2008 WL 4934030 (M.D. Fla. Nov. 12, 2008); *Curran v. State Farm Mut. Auto. Ins. Co.*, No. 6:09-cv-463-Orl-28DAB, 2009 WL 2003157 (M.D. Fla. July 2, 2009).

Finally, Integon argues that the instant case, which plainly supports no subject matter jurisdiction, should be consolidated with *Vetter v. Integon*, No, 8:18-cv-2381-T-02AAS, a related case involving the same accident (but different plaintiff and one other insurance defendant). Integon suggests the instant case could be carried with the *Vetter* case under the Court's pendant jurisdiction. But the instant case had no basis or grounds for being removed and this removal was

not proper *ab initio*.  Moreover, the *Vetter* case itself has been remanded for lack of subject matter jurisdiction.

**ACCORDINGLY**, it is **ORDERED AND ADJUDGED** that Plaintiff's motion to remand (Dkt. 15) is granted.  The Clerk is directed to remand this case to the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, and, after remand is effected, to close the case.

**DONE AND ORDERED** at Tampa, Florida, on November 6, 2018.

s/*William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

<u>COPIES FURNISHED TO</u>:
Counsel of Record